UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

DAWN PACHECO,

     Plaintiff,

     v.

CAROLYN W. COLVIN, Commissioner

of Social Security Administration,

     Defendant.

NO.  2:13-cv-03113-SAB

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court are Plaintiff's Motion for Summary Judgment, ECF No. 16, and Defendant's Motion for Summary Judgment, ECF No. 18. The motions were heard without oral argument. Plaintiff is represented by D. James Tree. Defendant is represented by Assistant United States Attorney Pamela De Rusha and Special Assistant United States Attorney Leisa A. Wolf.

**I.    Jurisdiction**

On June 3, 2010, Plaintiff filed a Title XVI application for supplemental security income (SSI). Plaintiff alleged she is disabled beginning January 1, 2001, due to arthritis, migraine headaches (with memory loss), PTSD, depression,

ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

morbid obesity, water retention, sleep apnea and knee pain.[1]

Her application was denied initially on February 7, 2011, and again denied on reconsideration on April 20, 2011. A timely request for a hearing was made. On May 10, 2012, Plaintiff appeared at a video hearing in Yakima, Washington before Administrative Law Judge (ALJ) R.J. Payne.  Dr. John R. Morse, medical expert, and Dr. Margaret Ruth Moore, psychological medical expert, also participated. Plaintiff was represented by attorney Chad Hatfield.

The ALJ issued a decision on June 18, 2012, finding that Plaintiff was not disabled. Plaintiff timely requested review by the Appeals Council, which denied her request for review on September 5, 2013. The Appeals Council's denial of review makes the ALJ's decision the final decision of the Commissioner. 42 U.S.C. §405(h).

Plaintiff filed a timely appeal with the U.S. District Court for the Eastern District of Washington on October 16, 2013. The instant matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II.    Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A claimant shall be determined to be under a disability only if her impairments are of such severity that the claimant is not only unable to do her previous work, but cannot, considering claimant's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §423(d)(2)(A).

---

[1]At the hearing, counsel agreed to amend the onset date to June 3, 2010. (Tr. 41.)

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a)(4); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).

Step 1: Is the claimant engaged in substantial gainful activities? 20 C.F.R. § 416.920(b). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. 20 C.F.R. § 416.972(a); *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 416.971. If she is not, the ALJ proceeds to step two.

Step 2: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. 20 C.F.R. § 416.909. If the impairment is severe, the evaluation proceeds to the third step.

Step 3: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. § 416.920(d); 20 C.F.R. § 404 Subpt. P. App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. *Id.* If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering Step 4, the ALJ must first determine the claimant's residual functional capacity. 20 C.F.R. § 416.920(e). An individual's residual functional capacity is her ability to do physical and mental work activities on a sustained basis despite limitations from her impairments.

Step 4: Does the impairment prevent the claimant from performing work she has performed in the past? 20 C.F.R. § 416.920(f). If the claimant is able to

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 3**

perform her previous work, she is not disabled. *Id.* If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

Step 5: Is the claimant able to perform other work in the national economy in view of her age, education, and work experience? 20 C.F.R. § 416.920(g).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents her from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

## III.   Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

immaterial to the ultimate nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

**IV.    Statement of Facts**

The facts have been presented in the administrative transcript and the ALJ's decision and will only be summarized here.

At the time of the hearing, Plaintiff was 41 years old and living with her two children and her ex-husband. Her children were ages 14 and 18. She has previous work experience, but has not worked since 2004. Her previous employment included working in retail and caregiver positions, as well as working in the fruit industry as a sorter.

Plaintiff is morbidly obese. She testified that she spends the majority of her day seated with her feet elevated, due to swelling of her lower extremities. She also has knee pain. She can walk about 20 yards before she has to stop. She also suffers from sleep apnea and uses a device to sleep.

Plaintiff reports that her children do the laundry and cleaning because she cannot walk up and down stairs. She also has a friend come in to do housework. She has suicidal thoughts on a daily basis. Plaintiff cooks occasionally. She reads and does beadwork if she is not hurting too badly.

**V.    The ALJ's findings**

At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since June 3, 2010, the application date. (Tr. 23.)

At step two, the ALJ found Plaintiff has the following severe impairments: morbid obesity, obstructive sleep apnea, bilateral osteoarthritis of the knees, swelling of the lower extremities, and migraines. (Tr. 23.)

At step three, the ALJ found that Plaintiff's impairments or combination of impairments do not meet or medically equal Listing 1.00 (Musculoskeletal System disorders); 3.00 (Respiratory System disorders); and 4:00 Cardiovascular System disorders. (Tr. 23.)

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5**

The ALJ concluded that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. § 416.967(a) [1] except occasionally climb, balance, stoop, kneel, crouch and crawl; avoid concentrated exposure of noise, vibration, fumes, odors, dusts, gases, poor ventilation, and hazardous machinery and heights. (Tr. 26.)

At step four, the ALJ found Plaintiff was not capable of performing any past relevant work. (Tr. 30.)

At step five, the ALJ found there were jobs that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. 32.) The ALJ relied on the Medical-Vocational Guidelines and found that the additional limitations have little or no effect on the occupational base of unskilled sedentary work. As a result, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, since June 3, 2010.

## VI.    Issues for Review

1.    Did the ALJ commit reversible error for failing to consider the combined impact of all of Plaintiff's impairments in the RFC assessment?

2.    Did the ALJ commit reversible error by improperly rejecting the opinions of Plaintiff's treating medical providers?

3.    Did the ALJ commit reversible error by improperly rejecting Plaintiff's subjective complaints?

---

[1] (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6**

4.      Did the ALJ commit reversible error by improperly applying the grids without soliciting the testimony of a vocational expert?

**VII.    Discussion**

    **1.      RFC Assessment**

Plaintiff argues the ALJ committed reversible error for failing to consider the combined impact of all of her impairments in the RFC assessment. Specifically, Plaintiff contends the ALJ failed to consider the functional limitations caused by her non-severe major depressive disorder and anxiety. According to Dr. Kester, who examined Plaintiff, Plaintiff is moderately limited in the following abilities: to carry out detailed instructions; to maintain attention and concentration for extended periods; to perform activities within a schedule; to maintain regular attendance and be punctual within customary tolerances; to work in coordination with or proximity to others without being distracted by them; to complete a normal workday and workweek without interruptions from psychologically–based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; to interact appropriately with the general public; to accept instructions and respond appropriately to criticism from supervisors; and to get along with coworkers or peers without distracting them or exhibiting behavior extremes. (Tr. 437-439.) Dr. Kester concluded that Plaintiff would work best with superficial public and co-worker contact. Additionally, letters from family and friends indicate that Plaintiff avoids being around people and she stopped going to church to avoid people. (Tr. 271-275.) They also describe her debilitating headaches. *Id.*

The ALJ's residual functional capacity assessment did not include these non-exertional limitations. Pursuant to 20 C.F.R. § 945(e), the ALJ is required to consider the total limiting effects of Plaintiff's impairment in determining the residual functional capacity:

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 7

(e) Total limiting effects. When you have a severe impairment(s), but your symptoms, signs, and laboratory findings do not meet or equal those of a listed impairment in appendix 1 of subpart P of part 404 of this chapter, we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity. Pain or other symptoms may cause a limitation of function beyond that which can be determined on the basis of the anatomical, physiological or psychological abnormalities considered alone; e.g., someone with a low back disorder may be fully capable of the physical demands consistent with those of sustained medium work activity, but another person with the same disorder, because of pain, may not be capable of more than the physical demands consistent with those of light work activity on a sustained basis. In assessing the total limiting effects of your impairment(s) and any related symptoms, we will consider all of the medical and nonmedical evidence, including the information described in § 416.929(c).

The ALJ committed clear error in failing to incorporate Dr. Kester's non-exertional limitations in determining Plaintiff's residual functional capacity. As such, remand is required for further consideration.

## 2.    Medical Opinions

The ALJ is tasked with resolving conflicts in the medical evidence. *Andrews v. Shalala,*, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ gave greater weight to the opinions of the non-treating physicians, and gave little weight to Plaintiff's treating physician's opinion. Plaintiff argues the ALJ improperly rejected the opinions of her treating medical providers: (1) Dr. Sabry and (2) ARNP Liu.

Dr. Sabry issued three opinions regarding Plaintiff's ability to work: (1) May 27, 2010, Tr. 476-77; (2) February 3, 2011, Tr. 473-474; and (3) August 8, 2011, Tr. 465-66. In each opinion, he concluded that Plaintiff was limited to sedentary work on a part-time basis. ARNP Liu opined that Plaintiff would need to lie down throughout the day due to migraine headaches and bilateral knee pain, and that she would miss work due to her medical impairments, especially the

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8**

uncontrolled migraine headaches. (Tr. 594.)

Generally speaking, three types of doctors provide medical evidence: treating doctors, examining doctors, and reviewing (non-examining) doctors. "By rule the Social Security Administration favors the opinion of a treating physician over non-treating physicians." 20 C.F.R. § 416.927[2]; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). "If a treating physician's opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it will be given controlling weight." *Orn*, 495 F.3d at 631. If a treating physician's opinion is not given "controlling weight" because it does not meet these requirements, the ALJ should consider (i) the length of the treatment relationship and the frequency of examination by the treating physician; and (ii) the nature and extent of the treatment relationship between the patient and the treating physician in determining the weight it will be given. *Id.* The ALJ is not required, however, to merely accept the opinion of a treating doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where contradicted, the ALJ may reject the opinion for specific and legitimate reasons that are supported by substantial evidence in the record. *Id.* On the other hand, where the treating doctor's opinion is uncontradicted, the ALJ can only reject it for clear and convincing reasons. *Id.*

---

[2] 20 C.F.R. § 416.927(c)(2) states: Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 9**

The opinions of examining physicians are afforded more weight than those of non-examining physicians. *Id.* Factors the ALJ should consider in evaluating any medical opinion (not limited to the opinion of the treating physician) include: (1) the amount of relevant evidence that supports the opinion and the quality of the explanation provided; (2) the consistency of the medical opinion with the record as a whole; (3) the specialty of the physician providing the opinion; and (4) other factors, such as the degree of understanding a physician has of the Administration's disability programs and their evidentiary requirements and the degree of his or her familiarity with other information in the case record. *Orn*, 495 F.3d at 631.

Here, the ALJ gave great weight to a non-examining physician, and gave little weight to the treating physician's opinion. This was in error. Dr. Sabry treated Plaintiff for over two years before the May 2010 opinion was given. At no time was there any indication that Dr. Sabry concluded that Plaintiff's subjective complaints were unreliable. Rather, the objective medical evidence supports that Plaintiff suffers from uncontrollable headaches. The ALJ failed to give sufficiently specific reasons for rejecting Dr. Sabry's opinion and ARNP Liu's opinion. The ALJ discredited ARNP Liu's opinion for failing to indicate how many days on average she would miss, yet gave Dr. Morse's opinion, who is a non-examining medical source, great weight even though Dr. Morse refused to quantify the number of days she would miss. The Court agrees with Plaintiff that the "ALJ cannot reject the opinion of a treating medical provider for failing to quantify a limitation and then accord great weight to a reviewing medical source who refused to when questioned about the *reasonableness* of a particular quantification." ECF No. 16 at 19 (emphasis in original).

Additionally, the ALJ committed reversible error when he improperly relied upon the opinion of a non-examining physician to reject the opinion of Plaintiff's treating physicians. *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995) ("The

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10**

opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."). As such, remand is warranted.

### 3.    Plaintiff's Credibility

The ALJ found that Plaintiff's statements concerning her limitations were not credible. He concluded that the objective medical did not support the claimed level of limitations.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir.1990). When there is no evidence of malingering, the ALJ must give "specific, clear and convincing reasons" for rejecting a claimant's subjective symptom testimony. *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citation omitted). If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court "may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 CFR 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the ALJ must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:

> 1. The individual's daily activities; 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms; 3. Factors that precipitate and aggravate the symptoms; 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (*e.g.*, lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and 7. Any other factors

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 11

concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7P, 1996 WL 374186.

The ALJ concluded that the record reflected relatively infrequent trips to the doctor for her disabling headaches. He suggested that Plaintiff only complained of headaches ten times between April 28, 2008 and April 1, 2011. As Plaintiff points out, this is not an accurate representation of the record.  Instead, the record reflects at least fifteen appointments where Plaintiff primarily complained about headaches/migraines and twenty-one appointments where headaches/migraines were provided as a diagnosis. There is nothing in the record to indicate that her treatment providers believe that Plaintiff was malingering or drug seeking. The ALJ failed to state specifically which symptom testimony was not credible and what facts in the record undermined her testimony. There is nothing in the record that suggests that Plaintiff's activity level is inconsistent with her testimony, or that her reported activity level is reflective of a person who is not disabled.

As such, the ALJ's credibility determination is not supported by substantial evidence in the record.

### 4.    Vocational Expert

Plaintiff argues the ALJ erred in not consulting a vocational expert. The Court agrees. The record demonstrates that Plaintiff has significant non-exertional limitations. As such, the ALJ was required to consult a vocational expert, and not just rely on the grids. *See Tackett v. Apfel*, 180 F.3d 1094, 1101-02 (9th Cir. 1999).

## VIII.  Conclusion

The ALJ committed reversible error in failing to consider all of Plaintiff's impairments in determining her residual functional capacity, giving little weight to Plaintiff's treating and great weight to the non-examining medical source, and finding Plaintiff not credible. Plaintiff has requested that the Court remand the

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12**

case to the Agency for an award of benefits. While the Court has the authority to do so, this case does not merit this relief. A proper Residual Functional Capacity must be determined and a vocational expert must be consulted to determine whether Plaintiff is disabled as defined by the Social Security Act.

Accordingly**, IT IS HEREBY ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, ECF No. 16, is **GRANTED**.

2.  Defendant's Motion for Summary Judgment, ECF No. 18, is **DENIED**.

3. The decision of the Commissioner denying benefits is **reversed** and **remanded** to the agency for further proceedings consistent with this Order.

4. The District Court Executive is directed to enter judgment in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 10th day of September, 2014.



Stanley A. Bastian
United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTON FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13**